UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORAL GEORGE THOMPSON,

    Plaintiff,

v.

STEVEN J. TOCHTERMAN, *et al.*,

    Defendants.

Civil Action No. 19-3689 (UNA)

FILED
JAN 30 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

The plaintiff presently is serving a prison term of 286 months. *See United States v. Thompson*, No. 12-CR-266 (ABJ) (D.D.C. Aug. 10, 2017) (Judgment in a Criminal Case). He alleges that Steven J. Tochterman, an investigator with the Federal Aviation Administration ("FAA"), presented false testimony on behalf of the government at his criminal trial. The plaintiff brings this civil action against both Mr. Tochterman and the federal government for alleged violations of rights protected under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Insofar as the plaintiff sues Mr. Tochterman in his individual capacity and demands damages arising from his alleged false testimony, the claim proceeds under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The claim must be dismissed, however, under *Heck v. Humphrey*, 512 U.S. 477 (1994), which in relevant part provides:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

> whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at (1994); *Williams v. Hill*, 74 F.3d 1339 (D.C. Cir. 1996) (applying "[t]he rationale of *Heck* . . . to claims against federal officials in *Bivens* actions"). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010) (per curiam). Moreover, a witness is absolutely immune from a claim for damages arising from his testimony. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

Insofar as the plaintiff demands money damages from Tochterman in his official capacity and from the FAA, the claim proceeds as one under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346, 2671-80. The plaintiff's FTCA claim fails for two reasons. First, a plaintiff cannot pursue an FTCA claim against the United States or a federal government agency unless he first has presented his claim to the appropriate federal agency and the agency has denied the claim. *See* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 111 (1993). This exhaustion requirement is jurisdictional, and absent any showing by the plaintiff that he has exhausted her administrative remedies, the Court lacks jurisdiction over this matter. *See Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005). Second, while the FTCA is an example of an express waiver of the federal government's sovereign immunity, the FTCA does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478

(1994), the Court lacks subject matter jurisdiction over the plaintiff's claims arising from alleged violations of Fifth, Sixth and Fourteenth Amendment rights, *see, e.g., Jones v. Yanta*, 610 F. Supp. 2d 34, 42 (D.D.C. 2009).

The Court will grant the plaintiff's application to proceed *in forma pauperis*, deny his motion for service as moot, and dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: January **27**, 2020

AMIT P. MEHTA
United States District Judge